MYRNA LABOW *v.* RONALD LABOW,
TRUSTEE, ET AL.
(AC 21271)

Lavery, C. J., and Schaller and Stoughton, Js.

Argued February 14—officially released May 14, 2002

*John R. Williams*, with whom, on the brief, was *Myrna LaBow*, pro se, for the appellant (petitioner).

*Daniel D. Portanova* and *Gwen E. Adamson* filed a brief for the appellee (named respondent).

*Barbara M. Schellenberg*, with whom, on the brief, was *Stewart I. Edelstein*, for the appellee (respondent Robert Rubin).

*Opinion*

LAVERY, C. J. This appeal concerns whether a petition for a new trial can be filed pursuant to General Statutes § 52-270[1] where there is no final judgment in the underlying action. We conclude that a final judgment is a condition precedent to the proper filing of a petition for a new trial. We therefore affirm the judgment of the trial court dismissing the petition for a new trial, albeit on different grounds.[2]

This appeal is another branch of the extended litigation between the petitioner, Myrna LaBow, and her former husband, Ronald LaBow, a respondent in this action by virtue of his status as a trustee.[3] The facts took root during their marriage when they acquired and

[1] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. . . ."

[2] "We can sustain a right decision although it may have been placed on a wrong ground." *Stapleton* v. *Lombardo*, 151 Conn. 414, 417, 198 A.2d 697 (1964); *Quality Sand & Gravel, Inc.* v. *Planning & Zoning Commission*, 55 Conn. App. 533, 540 n.2, 738 A.2d 1157 (1999).

[3] Robert Rubin, individually, also is a respondent in the present action.

owned jointly with rights of survivorship twenty-two acres of real property in Weston and seven acres of real property in Fairfield. The land has been the subject of dispute in the dissolution of their marriage, a partition action and a petition for a new trial. The facts have been set down in more detail by the trial court, *Fuller, J.,* in its memorandum of decision with respect to a motion for summary judgment in the partition action. *Rubin* v. *LaBow,* Superior Court, judicial district of Fairfield, Docket No. 79178886 (February 17, 1994).[4] Judge Fuller found that the following facts are not in dispute.

"Myrna LaBow commenced a dissolution action in 1974. On November 5, 1975, while that action was pending, Ronald LaBow transferred his interest in the twenty-two acres in Weston to Richard H. Valentine, trustee. There is an ongoing dispute between the LaBows as to the validity of that trust, which was set up by Ronald LaBow as settlor. At the time the dissolution decree was issued by the court . . . on August 28, 1978, the twenty-two acres in Weston were in the trust, but Ronald LaBow still had record title to the seven acres in Fairfield. The dissolution decree . . . did not transfer title to or direct the conveyance of either parcel to Myrna LaBow. On September 18, 1978, after the dissolution, Ronald LaBow transferred the Fairfield property to Anthony DeVita, who in turn sold it to Robert Rubin on January 16, 1985. Ronald LaBow was later appointed successor trustee under the trust. Rubin acquired the twenty-two acres in Weston from LaBow as trustee on January 5, 1985." Id.

Valentine, as trustee, commenced a partition action in July, 1979. Rubin moved to intervene as a party plaintiff in the partition action because he had purchased the subject property. Myrna LaBow, the petitioner here,

---

[4] Rubin was the substitute plaintiff in the partition action.

was the defendant in the partition action. In response to the partition complaint, she filed special defenses and a multiple count counterclaim in which she challenged the validity of Rubin's ownership interest in the real property. Rubin filed a motion for summary judgment with respect to both his complaint and Myrna LaBow's special defenses and counterclaims. Judge Fuller granted the summary judgment motion in Rubin's favor in February, 1994.[5]

In his memorandum of decision, Judge Fuller made clear that granting summary judgment determined only Rubin's right to partition the land. Judge Fuller did not determine the method of partition, i.e., partition in kind, pursuant to General Statutes § 52-495, or partition by sale, pursuant to General Statutes § 52-500. He stated expressly that the summary judgment motion was not the appropriate procedural mechanism to determine the manner in which the land should be partitioned. Judge Fuller noted that the parties have a right to present evidence and to argue to the court in favor of either partition in kind or by sale, and ordered further proceedings to determine the manner and conditions of the partition. Following several attempts to have Judge Fuller's decision reconsidered, Myrna LaBow appealed from the decision to the Appellate Court. Rubin filed a

---

[5] In granting Rubin's motion for summary judgment in the partition action, Judge Fuller presumed that the trust may have been illegal and subject to collateral attack by Myrna LaBow at an appropriate point in the extended litigation between her and Ronald LaBow. He concluded, however, that even if his presumption were correct, "there is no material factual question as to the chronological history of the conveyances [in the partition action,] and several of the special defenses bar all of the counts of the counterclaim as a matter of law." Judge Fuller concluded that Myrna LaBow had failed to pursue timely any of the remedies available to her to contest the validity of the trust and the legality of Ronald LaBow's transfers. He also concluded that the majority of the counterclaims in the partition action were barred by the applicable statutes of limitation or by Myrna LaBow's lack of standing to assert a claim of fraud. Myrna LaBow also failed to prove her counterclaim alleging intentional infliction of emotional distress.

motion to dismiss the appeal for lack of a final judgment, which was granted.[6]

In February, 2000, Myrna LaBow petitioned the Superior Court for a new trial in the partition action. In her petition, she alleged, among other things, that Ronald LaBow had defrauded her of her rightful interest in the real property at about the time of the dissolution action and at subsequent times. She alleged, as the basis for her petition for a new trial, that she had new evidence of fraud. Ronald LaBow filed a motion to strike the petition for failure to state a claim for which relief can be granted, pursuant to Practice Book § 10-39.[7] In ruling on the motion to strike, the court, *Moran, J.*, sua sponte considered whether the court had subject matter jurisdiction over the petition for a new trial. Relying on *Summerville* v. *Warden*, 229 Conn. 397, 426, 641 A.2d 1356 (1994), the court concluded that the statute of limitations, General Statutes § 52-582, barred the petition for a new trial and that the court therefore lacked subject matter jurisdiction.[8] The court dismissed the petition, and Myrna LaBow appealed.[9]

In their principal briefs on appeal, the petitioner and the respondents took opposing positions as to whether the time limitation provided in § 52-582 was a substantive or procedural matter so as to affect the court's

---

[6] In the attempted appeal from the partition action, the issue before this court was whether there was a final judgment. In this appeal, the issue is whether a petition for a new trial can lie where there is no final judgment.

[7] Rubin filed a request to revise the petition to which Myrna LaBow objected. No court ruled on the request to revise.

[8] Judge Moran found that Judge Fuller had rendered judgment on the motion for summary judgment in the partition action in February, 1994, and that pursuant to General Statutes § 52-582, Myrna LaBow had to file her petition for a new trial by February, 1997. Myrna LaBow commenced the petition action in February, 2000.

[9] At the time she took the appeal, Myrna LaBow was proceeding pro se. She has been represented by counsel subsequent to filing her principal brief with this court.

jurisdiction.[10] During oral argument before this court, Myrna LaBow and Rubin agreed that no action has been taken by any party to determine the method of partition as ordered by Judge Fuller. Where the manner of partition has not been determined, there is no final judgment in a partition action. See *Fernandes* v. *Rodriguez*, 255 Conn. 47, 59, 761 A.2d 1283 (2000). We asked sua sponte whether a petition for a new trial can be filed where there is no final judgment in the original case and asked the parties to file supplemental briefs in which they addressed that question.[11]

"A petition for a new trial is a statutory remedy that is essentially equitable in nature. *State* v. *Grimes*, 154 Conn. 314, 325, 228 A.2d 141 (1966)." *Bleidner* v. *Searles*, 19 Conn. App. 76 78, 561 A.2d 954 (1989). "It is authorized, and its scope is limited, by the terms of the statute." *Black* v. *Universal C.I.T. Credit Corp.*, 150 Conn. 188, 192, 187 A.2d 243 (1962). "The salutary purpose of the statute is that if a party has a meritorious defense and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon another trial." *Bellonio* v. *V.R. Thomas Mortgage Co.*, 111 Conn. 103, 105, 149 A. 218 (1930); *E.M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959); *Krooner* v. *State*, 137 Conn. 58, 60, 75 A.2d 51 (1950); *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 722, 757 A.2d 1215 (2000).

Section 52-270 provides that a new trial may be granted for the discovery of new evidence according

[10] On appeal, Myrna LaBow claims that the trial court (1) improperly dismissed her petition for a new trial sua sponte, (2) abused its discretion in denying the parties a full trial on the underlying action for partition of real property, (3) was biased in denying her motion for reargument, (4) insulted her in denying her motion for articulation, (5) abused its discretion by ruling in the absence of Rubin and (6) improperly failed to rule on Rubin's request to revise. We need not consider these claims in view of our disposition of the appeal.

[11] Ronald LaBow did not appear for oral argument and did not file a supplemental brief.

to the usual rules in such cases. "The procedure is not intended to reach errors available on appeal of which the party should have been aware at the time when an appeal might have been taken. . . . It is an additional safeguard to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." (Citations omitted.) *Krooner* v. *State*, supra, 137 Conn. 60. "[Section 52-270] does not furnish a substitute for, nor an alternative to, an ordinary appeal, but applies only when no other remedy is adequate and when in equity and good conscience *relief against a judgment should be granted.* . . . Necessarily, the statute is applicable only when the error or injustice is of such a type that it can be corrected by the remedy of a new trial." (Citations omitted; emphasis added; internal quotation marks omitted.) *Black* v. *Universal C.I.T. Credit Corp.*, supra, 150 Conn. 193–94.

*Black* and the cases cited therein stand for the proposition that a new trial should be granted only where there is no legal remedy and to remedy injustice after a judgment has been rendered. Until a judgment has been rendered, there can be no reason for a new trial as there is no order or court action that so concludes the rights of the parties that further proceedings cannot affect them. See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). In the partition action, the rights of the parties have not been concluded because the manner of the partition has not yet been determined. For this reason, Myrna LaBow cannot properly file a petition for a new trial in the partition action. We therefore affirm the court's judgment dismissing the petition, albeit on different grounds.

The judgment is affirmed.

In this opinion the other judges concurred.