## RONALD LABOW ET AL. *v.* MYRNA LABOW ET AL.
### (AC 29217)

Bishop, DiPentima and Pellegrino, Js.

Argued March 19—officially released June 30, 2009

*Richard W. Callahan*, with whom was *Myrna LaBow*, pro se, for the appellant (named defendant).

*Stewart I. Edelstein*, with whom was *Barbara M. Schellenberg*, for the appellee (plaintiff Robert Rubin).

*Opinion*

PER CURIAM. This court has described one of the many appeals involving these parties as a "branch of the extended litigation between . . . Myrna LaBow, and her former husband Ronald LaBow"; *LaBow* v. *LaBow*, 69 Conn. App. 760, 761, 796 A.2d 592, cert. denied, 261 Conn. 903, 802 A.2d 853 (2002); and another as a "chapter in a saga of hostilities that, for the last thirty-two years, has resulted in extensive litigation in the trial and appellate courts of Connecticut and New York." *Valentine* v. *LaBow*, 95 Conn. App. 436, 438, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). We chronicle yet another episode in this unfortunate story that originated more than three decades ago.

The named defendant, Myrna LaBow,[1] appeals from the judgment of the trial court ordering a distribution of the proceeds from the partition sale of certain property with 50 percent awarded to the defendant and 50 percent to the plaintiff Robert Rubin.[2] Specifically, the defendant argues that the court denied her right to

---

[1] Several subsequent encumbrancers also were named as defendants, but they are not parties to this appeal. We therefore refer in the opinion to Myrna LaBow as the defendant.

[2] The original plaintiff, Richard H. Valentine, has been replaced in this action by Ronald LaBow, trustee, and Rubin. For convenience, we refer to Rubin as the plaintiff in this opinion.

due process when it ordered this distribution without conducting an evidentiary hearing. We disagree and accordingly affirm the judgment of the trial court.

This court previously set forth the following facts. "On July 9, 1974, the defendant initiated a dissolution of marriage action against her then husband, Ronald LaBow. At that time, the LaBows jointly owned, with rights of survivorship, twenty-nine acres of property in Weston and Fairfield. The property consisted of a twenty-two acre parcel in Weston and an adjacent seven acre parcel in Fairfield." Id., 438–39.

During the pendency of the dissolution action, Ronald LaBow transferred his interest in the Weston parcel to a trust with Richard H. Valentine acting as trustee. Id., 439. When the court issued the dissolution decree, Ronald LaBow possessed his half interest in the Fairfield parcel. Id. The dissolution decree did not transfer title or direct the conveyance of either parcel to the defendant. Id. Ronald LaBow subsequently transferred his interest in the Fairfield parcel to Anthony DeVita. Id.

After Valentine commenced a partition action, he stepped down as trustee and was replaced by Ronald LaBow. Id., 439–40. "Thereafter, [Robert] Rubin, a neighbor of the LaBows, purchased the Weston parcel from the trust on January 5, 1985, as well as the Fairfield parcel from DeVita on January 16, 1985. Consequently, since January, 1985, Rubin and the defendant have owned the Weston and Fairfield parcels as tenants in common." Id., 440. Following the plaintiff's acquisition of both properties, the defendant commenced an action against him, challenging his ownership. Id.

We subsequently concluded, inter alia, that the trial court properly had (1) determined that the plaintiff's acquisition of the properties was valid and (2) rendered summary judgment in favor of the plaintiff seeking a

partition of the property.[3] Id., 438. On December 15, 2006, the plaintiff filed a motion requesting the appointment of a committee for the partition sale and to set a sale date. The court granted this motion on March 5, 2007, and set the sale date for June 30, 2007.

On June 29, 2007, the court, *Comerford, J.,* denied the defendant's motion, filed two days earlier, to extend the sale date.[4] On July 2, 2007, the committee filed a motion requesting that the court approve the sale to the defendant, the highest bidder at the public auction, for a sale price of $1.7 million, which the court granted on August 10, 2007. The defendant filed a stream of motions pertaining to the approval of the committee sale. The court, *Blawie, J.,* held a hearing on those motions on September 19, 2007.

At the outset of the hearing, the defendant stated: "My motions before [the court] are to, one, open the judgment against me that denied me a right to a trial on quiet title, and two, reconsideration of the ruling . . . that denied me opening the judgment on partition. My requests to open are based on new evidence and new discoveries." The court ultimately denied the defendant's motions and issued an order precluding her "from filing any more pleadings relating to the trust or the conveyance of this parcel of land at issue . . . ." It further ordered that the proceeds from the partition sale be distributed equally between the plaintiff and the defendant. The defendant then objected, arguing that she was entitled to a hearing to determine whether an

[3] "The right to partition in Connecticut is well settled. [General Statutes §] 52-495 gives discretionary authority to courts of equitable jurisdiction to order, upon the complaint of any interested person, the physical partition of any real estate held by tenants in common . . . ." (Internal quotation marks omitted.) *Sclafani* v. *Dweck*, 85 Conn. App. 151, 155, 856 A.2d 487, cert. denied, 271 Conn. 944, 861 A.2d 1177 (2004).

[4] The defendant's motion was captioned as a motion for stay-execution of judgment and a motion to open, set aside, vacate decision-judgment.

equal distribution of the sale proceeds was proper. The court, noting that the ownership of the land previously had been litigated, affirmed its order of an equal distribution.

On appeal, the defendant argues that the court improperly denied her the right to an evidentiary hearing to determine how the sale proceeds should be distributed. Specifically, she argues that she was entitled to a hearing to prove that (1) the plaintiff was not a bona fide purchaser, (2) she paid more than her share of the taxes on the property and (3) the plaintiff's action had damaged the property via waste. We reject all of the defendant's arguments in turn.

At the outset, we briefly identify the relevant principles of law pertaining to a partition by sale. "A partition by sale, although a creature of statute, is an equitable action. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . Our standard of review is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Citation omitted; internal quotation marks omitted.) *Fernandes* v. *Rodriguez*, 90 Conn. App. 601, 609, 879 A.2d 897, cert. denied, 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006); see also *Geib* v. *McKinney*, 224 Conn. 219, 228–29, 617 A.2d 1377 (1992).

Our Supreme Court has stated that "it is not always true that each tenant in common or joint tenant is entitled to equal shares in the real estate. *Levay* v. *Levay*, 137 Conn. 92, 96, 75 A.2d 400 (1950) (Although each party was the owner of an undivided one-half interest in the property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys

obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered.) . . . ." (Citation omitted; internal quotation marks omitted.) *Fernandes* v. *Rodrigues*, 255 Conn. 47, 60, 761 A.2d 1283 (2000), on appeal after remand, 90 Conn. App. 601, 879 A.2d 897, cert. denied, 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006); see also *DiCerto* v. *Jones*, 108 Conn. App. 184, 190, 947 A.2d 409 (2008).

The defendant first argues that she was entitled to an evidentiary hearing to assert her claim that she was entitled to a greater share of the equitable distribution of the sale proceeds. Specifically, she maintains that she was deprived of her right to present a good faith claim that the plaintiff was not a bona fide purchaser. We are not persuaded.

At the September 19, 2007 hearing, the court provided the defendant with the opportunity to present evidence regarding her equitable claims with respect to the sale proceeds. The defendant instead attempted to revisit the issue of ownership of the property. For example, she stated: "Your Honor, I am trying to say . . . that [the plaintiff is] not a true owner." She later indicated that it was "unfair" that the plaintiff would receive 50 percent and that she was entitled to a hearing "to see if [the plaintiff was] a true owner." In short, the defendant failed to offer any evidence as to the division of the partition proceeds and instead attempted to focus her frenzied attacks on areas that previously had been determined. Rather than take the opportunity to challenge the manner in which the money would be divided, she elected to argue that the plaintiff had not been a rightful co-owner of the property prior to the partition sale.

It cannot be disputed that issues of the validity of the trust and the validity of the plaintiff's purchase of the property have been extensively litigated. Both the

Superior Court and this court have conclusively established that prior to the partition sale, the plaintiff and the defendant were 50 percent owners of the property. The defendant had no legal interest in the plaintiff's ownership. Accordingly, she lacks standing to raise such a challenge, and, therefore, the court properly determined that a hearing was not required.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Ardito* v. *Olinger*, 65 Conn. App. 295, 299, 782 A.2d 698, cert. denied, 258 Conn. 942, 786 A.2d 429 (2001). We agree with Judge Fuller's statement, made in his February 7, 1994 decision, that the defendant "has no standing to question the terms under which Ronald LaBow and DeVita sold the one-half interest in both parcels to [the plaintiff] since she no longer had any right to attack the prior conveyances as fraudulent." It has been determined judicially that the defendant had no interest in property that the plaintiff eventually obtained. See *Valentine* v. *LaBow*, supra, 95 Conn. App. 436. We conclude, therefore, that because the defendant lacked standing to challenge the equitable distribution of the partition proceeds at the September 19, 2007 hearing, the court was not obligated to conduct an evidentiary hearing.

The defendant also claims that she was entitled to a hearing to show that (1) she paid more than her share of the taxes on the property, and (2) the plaintiff's action had damaged the property via waste. These claims were not raised at trial and we decline to review them. "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly

raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . [S]ee also Practice Book § 60-5 (court not bound to consider claim unless it was distinctly raised at the trial)." (Internal quotation marks omitted.) *Mokonnen* v. *Pro Park, Inc.*, 113 Conn. App. 765, 770, 968 A.2d 916 (2009). "[T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 798, 967 A.2d 1 (2009).[5]

The defendant was provided with a forum to present her claims regarding the distribution of the sale from the partition sale. After considering the issues presented by the defendant at the September 19, 2007 hearing, the court determined that a further evidentiary hearing was not required. We cannot say that the court, in balancing the equities as it did, abused its discretion.

The judgment is affirmed.

---

[5] The defendant's brief contains a reference to the plain error doctrine; see Practice Book § 60-5; however, it is not clear if this request applies to the claims of unpaid taxes and waste. In any event, we conclude that application of the plain error doctrine is unwarranted in the present case.