## MARY J. WILLIAMS *v.* HARTFORD HOSPITAL ET AL.
### (AC 30781)

Harper, Beach and Hennessy, Js.

Argued May 18—officially released July 20, 2010

*Richard J. Altschuler*, with whom, on the brief, was *Donald L. Altschuler*, for the appellant (plaintiff).

*Frank H. Santoro*, with whom were *Edward W. Mayer, Jr.*, and, on the brief, *Joyce A. Lagnese*, for the appellee (defendant Richard Sheppard et al.).

*Opinion*

PER CURIAM. The plaintiff in this medical malpractice action, Mary J. Williams, appeals from the judgment of the trial court rendered in favor of the defendants Richard Sheppard and Hartford Anesthesiology Associates, Inc.[1] The plaintiff claims that the court improperly granted the defendants' motion to dismiss. We affirm the judgment of the trial court.

By amended complaint, the plaintiff asserted various claims sounding, inter alia, in medical malpractice against the defendants, arising out of a surgical procedure that she underwent in October, 2004. It is undisputed that Sheppard is a board certified anesthesiologist who is associated professionally with Hartford Anesthesiology Associates, Inc. When the plaintiff filed her complaint, she attached two opinion letters, one authored by a board certified neurologist, and, the other, authored by a board certified internist. Thereafter, the defendants filed a motion to dismiss on the ground that neither opinion letter was that of "a similar health care provider" as required by General Statutes § 52-190a (a). Opposing the motion to dismiss, the plaintiff filed affidavits by the neurologist and internist who had authored the opinion letters, as well as an affidavit by a board certified anesthesiologist. The court, viewing these affidavits as amendments to the opinion letters, declined to consider them in ruling on the motion to dismiss. Agreeing with the defendants that the opinion letters submitted did not satisfy § 52a-190a (a), the court granted the motion to dismiss and

---

[1] The named defendant, Hartford Hospital, is not a party to this appeal. We therefore refer in this opinion to Sheppard and Hartford Anesthesiology Associates, Inc., as the defendants.

rendered judgment in favor of the defendants. This appeal followed.

The plaintiff claims that, in dismissing the action as to the defendants, the court improperly (1) concluded that an opinion letter authored by a health care provider with an area of specialization different from that of the defendants did not satisfy § 52-190a (a) and (2) declined to consider the affidavits submitted in opposition to the motion to dismiss. The issues raised on appeal are legal, rather than factual, in nature. "When the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logically correct. . . . Because there is no dispute regarding the basic material facts, this case presents an issue of law and our review is plenary." (Citation omitted; internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 249, 969 A.2d 210 (2009).

Our resolution of the principal claims raised in the plaintiff's appeal is governed by this court's recent decision in *Bennett* v. *New Milford Hospital, Inc.*, 117 Conn. App. 535, 979 A.2d 1066, cert. granted, 294 Conn. 916, 983 A.2d 849 (2009), in which this court interpreted the requirement set forth in § 52-190a (a) that a plaintiff's complaint in a medical malpractice action contain "a written and signed opinion of a similar health care provider, as defined in [General Statutes §] 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." General Statutes § 52-190a (a). The court concluded: "[W]hen establishing the guidelines for the opinion letter, the legislature clearly and unambiguously referred to a 'similar health care provider.' By the plain language of the statutes, as to a defendant health care provider who is a physician, the similar health care provider contemplated in § 52-190a (a) is one defined

in either subsection (b) or (c) of § 52-184c." *Bennett* v. *New Milford Hospital, Inc.*, supra, 548–49.

As noted previously, it is undisputed that Sheppard is a board certified specialist in the field of anesthesiology and that he is associated professionally with Hartford Anesthesiology Associates, Inc. In accordance with the holding in *Bennett*, an opinion letter from a similar health care provider must be authored by a health care provider who satisfies the criteria set forth in § 52-184c (c), which provides in relevant part: "If the defendant health care provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a 'similar health care provider' is one who: (1) Is trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty . . . ." General Statutes § 52-184c (c). It is clear from the undisputed facts that neither opinion letter attached to the plaintiff's complaint was authored by a health care provider who satisfied these specific statutory criteria. Accordingly, we conclude that the court properly determined that the complaint failed to comply with § 52-190a (a) and properly dismissed the action as to the defendants. See General Statutes § 52-190a (c) ("[t]he failure to obtain and file the written opinion required by subsection [a] of this section shall be grounds for the dismissal of the action"); *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 822, 943 A.2d 544 (2008).[2]

---

[2] To the extent that the plaintiff challenges the court's decision not to consider the affidavits submitted by her in opposing the defendants' motion, we conclude that she is unable to demonstrate that the court's decision in this regard was of any consequence to its judgment of dismissal; the affidavits submitted by the plaintiff in opposing the defendants' motion did not constitute opinion letters from a similar health care provider.

Also, the plaintiff claims that she had raised before the trial court the issue of whether, given the facts of this case, the doctrine of res ipsa loquitur applied, "and thus the plaintiff did not even have to file an opinion letter from a medical provider." The plaintiff's analysis of this claim consists of one sentence in her principal brief, in which she acknowledges that the

trial judge did not expressly rule on the issue. Apart from the fact that the claim is briefed inadequately, we do not reach this claim because the trial court did not rule on the claim in rendering its judgment. "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . [T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Citations omitted; internal quotation marks omitted.) *LaBow* v. *LaBow,* 115 Conn. App. 419, 425-26, 973 A.2d 127 (2009), cert. denied, 295 Conn. 912, 990 A.2d 344 (2010).