******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELLIOT R. WARREN, EXECUTOR (ESTATE OF
YVONNE B. CUSEO) *v.* CUSEO
FAMILY, LLC, ET AL.
(AC 37239)

DiPentima, C. J., and Lavine and Sheldon, Js.

*Argued February 8—officially released May 3, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. George N. Thim, judge trial referee.)

*Albert R. Cuseo III*, self-represented, the appellant (defendant Albert R. Cuseo III).

*Douglas R. Brown*, with whom, on the brief, was *Daniel B. Fitzgerald*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. This appeal arises from the judgment of the trial court appointing the plaintiff, Elliot R. Warren,[1] as the receiver of the defendant Cuseo Family, LLC (company), a Connecticut limited liability company.[2] On appeal, the defendant[3] Albert Cuseo III claims (1) that the plaintiff lacked standing to bring a receivership action against the company, and (2) that the court erred in appointing the plaintiff as the receiver of the company.

The following facts and procedural history are relevant to this appeal. The decedent, Yvonne Cuseo, was a member of the company who died testate on July 8, 2010. The plaintiff is the executor of her estate. Her surviving son, Peter Cuseo, is a member of the company. The defendant and John Cuseo are the decedent's grandchildren, who are also members of the company.

The company was formed on September 11, 1995, and its primary asset is commercial real property at 1680 Post Road East in Westport (property). The decedent held a 57 percent ownership interest in the company. The company leased the property to A & J Farm Stand, LLC (tenant), whose principal member is the defendant. The tenant operated a business on the property. In a codicil to her will, the decedent bequeathed her interest in the company to the remaining members, Peter Cuseo, John Cuseo, and the defendant.

On July 17, 2012, the Probate Court approved an interim accounting of the estate submitted by the plaintiff, which the defendant appealed to the Superior Court. The estate did not have sufficient liquid assets to meet its expenses. In the decree, the Probate Court granted the plaintiff permission to bring an action in the Superior Court to dissolve the company. On April 22, 2013, the plaintiff, represented by counsel, commenced the present action seeking dissolution of the company and appointment of himself as the receiver and served the complaint on the company,[4] the defendant, Peter Cuseo, and John Cuseo. The probate appeal and the present receivership action were presented simultaneously in a hearing to the Superior Court. The plaintiff, defendant, and other witnesses testified at the hearing. On July 24, 2014, the court issued a memorandum of decision affirming the interim accounting.[5] On that same date, the court issued a separate memorandum of decision appointing the plaintiff as the temporary receiver of the company.

The trial court found that the company had been dissolved pursuant to the terms of the operating agreement because the decedent's death constituted an event of dissociation, and a dissolution had occurred because a supermajority of the nondissociated members did not consent in writing to continue the business of the company within ninety days. The court found

that since October, 2010, the company's members had been deadlocked as to the election of a liquidating member, pursuant to the operating agreement, to wind up the company's affairs and file articles of dissolution with the Office of the Secretary of State. The court also found that the company had not filed income tax returns in 2010, 2011, and 2012, and was not enforcing its rights as landlord to collect rent under a lease agreement. The court concluded that the tenant had not paid rent since the decedent's death because the defendant unilaterally decided that the tenant would no longer pay the company for use of the property. The court determined that the tenant also had failed to pay $71,419.09 in real estate taxes as required by the terms of the lease. The court found, as well, that the defendant had been making decisions on behalf of the company without the consent and against the interests of the other members. For these reasons, the court appointed the plaintiff as temporary receiver of the company.[6] The estate has yet to be settled. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant's first claim is that the plaintiff lacked standing to bring the receivership action and seek dissolution of the company because the decedent's estate is not a member of the company. He asserts that the operating agreement prohibited the decedent's interest in the company from becoming part of her estate upon her death. His argument essentially is that the decedent's interest in the company is a nonprobate asset, and thus the plaintiff does not have standing to bring the receivership action.

The following legal principles are relevant to this claim. "It is well established that [a] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of the question of [a] plaintiff's standing is plenary." (Citations omitted; internal quotation marks omitted.) *Megin* v. *New Milford*, 125 Conn. App. 35, 37, 6 A.3d 1176 (2010).

An executor is a legal representative of a decedent's estate. See G. Wilhelm et al., Settlement of Estates in Connecticut (3d Ed. Rev. 2016) § 7:3 ("the law places the executor or administrator in direct succession to the deceased and vests in the fiduciary title to the

deceased's personal estate [other than real estate]"). "General Statutes § 45a-341 (a) requires executors and [executrixes] to gather, appraise, and inventory all property of the decedent's estate at the time of his death, except real property located outside the state. Section 45a-341 (a) (3) provides that the inventory of a decedent's estate shall include both tangible and intangible personal property." (Footnote omitted.) *Hall* v. *Schoenwetter*, 239 Conn. 553, 559–60, 686 A.2d 980 (1996). "A limited liability company membership interest is personal property." General Statutes § 34-169. "The estate of a deceased person consists of property the title to or an interest in which is derived from [her], which it is the duty of the executor or administrator to inventory and for which he must account to the Probate Court." *American Surety Co. of New York* v. *McMullen*, 129 Conn. 575, 582–83, 30 A.2d 564 (1943).

"An execut[or] has a fiduciary responsibility to maintain an undivided loyalty to the estate . . . and must diligently represent the rights of the heirs and distributees and also those of creditors." (Citation omitted; internal quotation marks omitted.) *Hall* v. *Schoenwetter*, supra, 239 Conn. 559. General Statutes § 45a-234 confers several powers upon fiduciaries, including the power to retain property, the power to participate in reorganizations, which includes dissolution actions of property in which a decedent held an interest, and the power to litigate on behalf of the estate. The legal successor to a deceased member of a limited liability company, unless limited by the terms of the operating agreement, "may exercise all of the member's rights for the purpose of settling the member's estate or administering the member's property . . . ." General Statutes § 34-173 (a). Moreover, General Statutes § 34-207 provides: "On application *by or for a member*, the superior court for the judicial district where the principal office of the limited liability company is located may order dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." (Emphasis added.)

The defendant's assertion that the plaintiff lacked standing because the decedent's interest in the company is not part of the estate is based on a misinterpretation of the operating agreement and a misunderstanding of the law regarding the administration of estates. The operating agreement does not support the defendant's assertion that the decedent's interest in the company passed immediately outside of probate to the remaining members. The decedent's interest in the company was personal property that became a part of her estate upon her death. The plaintiff, as executor, had the duty to gather all of the personal property belonging to the estate and to administer it for the benefit of all the estate's beneficiaries subject to the supervision of the Probate Court. An executor, by statute, has the power

to represent a decedent's personal property interest that is part of the estate. We thus conclude that the plaintiff had standing to bring the receivership action.

## II

The defendant's second claim is that the trial court erred in appointing the plaintiff as the receiver of the company. Specifically, the defendant asserts that the plaintiff is barred from acting as receiver because he has a conflict of interest.

The following additional facts are relevant to this claim. The plaintiff is an attorney, and the defendant asserts that he has a conflict of interest because he had provided legal services to the defendant in the past unrelated to matters involving the company or the decedent's estate. At the hearing before the trial court, the plaintiff testified that he had counseled the defendant regarding an unrelated business dispute about pellet stoves several years before the present case began. The plaintiff also testified that he had provided legal services to John Cuseo and his wife Michelle Cuseo, as well as Peter Cuseo and his wife Teresa Cuseo. The defendant also suggests that the plaintiff has a conflict of interest because he participated in the drafting of the company's operating agreement. The defendant claims that this disqualifies the plaintiff from serving as receiver of the company. The trial court did not address whether the plaintiff had a conflict of interest in either of the memoranda of decision that it issued. The defendant filed a motion for reconsideration from the trial court's decision to appoint the plaintiff as receiver, in which he asserted, inter alia, that the plaintiff had a conflict of interest that prevented him from serving as receiver of the company. The court denied the motion and did not address the defendant's conflict of interest claim. The defendant did not seek an articulation of the trial court's ruling.

We conclude that the record is not sufficient for us to consider the defendant's claim that the plaintiff's alleged conflict of interest precludes him from serving as receiver of the company. The trial court did not make a finding with respect to the alleged conflict of interest, nor did it address the claim in denying the defendant's motion to reconsider. The defendant did not seek an articulation of the trial court's ruling. See Practice Book § 66-5. We are cognizant of the increased difficulty a self-represented party will likely have in preserving issues for appellate review, but nevertheless "[w]e have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *LaBow* v. *LaBow*, 115 Conn. App. 419, 425–26, 973 A.2d 127, cert. denied, 293 Conn. 918, 979 A.2d 489 (2009), cert. denied, 295 Conn. 912, 990 A.2d

344 (2010); see also *Williams* v. *Hartford Hospital*, 122 Conn. App. 597, 601 n.2, 1 A.3d 130 (2010) (appellate courts will not review claims not addressed by trial court in rendering its judgment).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As discussed in this opinion, Warren brought this action in his capacity as the executor of the estate of Yvonne B. Cuseo. We refer to him as the plaintiff in this opinion.

[2] Albert Cuseo III, who is not an attorney, filed an appearance on behalf of the company. The plaintiff filed a motion requesting that the company be defaulted for failure to appear, contending that a nonattorney officer of a limited liability company may not appear on behalf of the company. On September 4, 2013, the trial court granted the motion for default.

[3] Peter Cuseo and John Cuseo are also defendants in this case. John Cuseo is self-represented and has not filed a brief. Peter Cuseo has not appeared. Throughout the opinion, we refer to Albert Cuseo III as the defendant and to the other parties by name.

[4] The plaintiff is the registered agent for the company.

[5] The defendant filed an appeal, AC 37240, from the Superior Court's judgment affirming the interim accounting of the Probate Court. This court dismissed that appeal on July 8, 2015, because the defendant failed to file a brief. The defendant has included issues raised in AC 37240 in the present appeal. We decline to consider them.

[6] We note that that appointment of the plaintiff as temporary receiver is an appealable final judgment in these circumstances. Although it is well established that an order that grants temporary injunctive relief is not a final judgment; see *Massachusetts Mutual Life Ins. Co.* v. *Blumenthal*, 281 Conn. 805, 811, 917 A.2d 951 (2007); the order challenged here is not one in the nature of a temporary injunction because it "was not issued as a temporary measure until the court could permanently determine the rights of the parties." *Bozrah* v. *Chymurynski*, 303 Conn. 676, 682, 36 A.3d 210 (2012); see id., 681–82 (finding that despite trial court's characterization of order as temporary injunction, order was an appealable final judgment because it conclusively determined parties' rights). In the present case, the appointment of the plaintiff as receiver concluded the litigation, given that the court made final determinations that the company had been dissolved pursuant to the terms of its operating agreement and the plaintiff is entitled to wind up the company to settle the decedent's estate.