******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PAUL T. MCDONALD *v.* FRANCIS
M. MCDONALD ET AL.
(AC 38289)

Alvord, Sheldon and Norcott, Js.

*Argued November 16, 2016—officially released March 14, 2017*

(Appeal from Superior Court, judicial district of
Waterbury, Shapiro, J.)

*Paul T. McDonald*, self-represented, the appellant

(plaintiff).

*John K. McDonald*, with whom, on the brief, were *Hugh D. Hughes* and *Paul Pollock*, for the appellees (named defendant et al.).

*David J. McDonald*, for the appellee (defendant David J. McDonald, LLC).

*Opinion*

SHELDON, J. The plaintiff, Paul T. McDonald, appeals from the summary judgment rendered in favor of the defendants, Francis M. McDonald, James E. McDonald, John J. McDonald and Vincent J. McDonald, all of whom are his brothers, and David J. McDonald, LLC, a limited liability company organized by his nephew. On appeal, he claims that the trial court improperly concluded that his claim for partition of certain real property jointly owned by all of the parties was barred by res judicata because (1) the previous judgment that was relied upon by the trial court as having said preclusive effect was not a final judgment and (2) his right to partition is absolute. We affirm the judgment of the trial court.

The trial court set forth the following relevant procedural history in its memorandum of decision granting the defendants' motion for summary judgment. "In his complaint [in this action], the plaintiff, Paul T. McDonald, alleges that he and the defendants . . . own, as tenants in common, real property located in Middlebury, Connecticut, on the north side of Route 64, known as 2328 Middlebury Road, consisting of an unsubdivided, irregularly shaped 17.35 acre parcel of residentially zoned land. He alleges that the parcel contains an older house in poor condition, that a portion of the parcel is leased to a swim club, and that that portion produces income to pay the taxes and other expenses of the property.

"The plaintiff alleges that he holds a 3/21 or one-seventh interest therein, and that the defendants own the balance of the interests therein, in either 3/21, 4/21, or 1/10 interests. The complaint is pleaded in three counts, in which the plaintiff seeks, respectively, partition in kind, partition by sale, and partition by equitable distribution.

"In support of the[ir] motion [for summary judgment], the defendants argue that the plaintiff's three counts are barred by res judicata. This argument is premised on a previous partition action brought in this court by the plaintiff, *McDonald* v. *McDonald*, Docket No. UWY-CV-11-6011618 (first action). In the first action, the plaintiff sought only a partition by sale. He did not seek partition in kind.

"The first action was tried before this court in November, 2012. At trial, the plaintiff and another witness testified and exhibits were presented. The court viewed the property at issue in that action, including the property which is the subject of the current complaint,[1] in the presence of the parties, on December 4, 2012.

"After review of the parties' posttrial briefs in the first action, the court issued a memorandum of decision, dated January 28, 2013 (decision), finding that the plaintiff had not met his burden of proof. [The court found

that the plaintiff failed to present any evidence that a physical division of the property was impractical or inequitable, or that a partition by sale would better promote the owners' interests than a partition in kind. The court thus declined the plaintiff's request for a partition by sale and judgment] was entered for the defendants. The plaintiff did not appeal the court's decision." (Footnotes altered.)

On September 17, 2013, the plaintiff filed this action seeking partition of 2328 Middlebury Road. In his three count complaint, he asked that the property be partitioned, in kind, by sale or by equitable distribution. He essentially reiterated in this complaint the allegations from his complaint in the first action, but asserted three causes of action purporting to seek three possible alternative modes of partition.

The defendants moved for summary judgment[2] on the ground that the plaintiff's action was barred by the doctrine of res judicata because the claims asserted herein were litigated, or could have been litigated, in the first action. In response, the plaintiff argued that the doctrine of res judicata did not apply because his right to partition is absolute, the first action did not result in a final judgment that had any preclusive effect on this action, and the doctrine of res judicata is "not a hard and fast doctrine but one which must give way when the mechanical application would frustrate other social policies."

On August 18, 2015, the court granted summary judgment in favor of the defendants, finding that the plaintiff's action was barred by the doctrine of res judicata. In so doing, the court explained: "[I]n the first action, the plaintiff litigated to conclusion his claims about several parcels, including that at issue here, resulting in a final judgment, from which the plaintiff took no appeal. No further determination of the matter litigated was required in connection with the first action." On that basis, the court rejected the plaintiff's claim that the first action had not concluded with a final judgment.

The court further reasoned: "Comparison of the operative complaint and the judgment in the first action to the plaintiff's three count complaint in this action clearly shows that the transactional test for the application of res judicata has been met. The factual underpinnings of the current claims and those that were actually litigated in the first action are the same, in that the plaintiff brought and litigated through trial and judgment a prior partition action concerning the same property. It is apparent that the plaintiff's claims, all of which relate to the same group of facts comprising the 'transaction,' i.e., the parties' ownership of the property at issue, actually were or could have been brought in the first action. . . . While the plaintiff could have sought partition in kind in the first action, he expressly pleaded that it would be impractical or inequitable. In this

action, he again seeks partition by sale, which he sought in the first action. . . .

"On balance, the fact that the plaintiff had a complete opportunity, in the first action, to vindicate his right to partition, must be taken into account. In the first action, he intentionally adopted a restricted strategy concerning partition, both in terms of the relief he sought, and the evidence he chose to present. The defendants went to trial and judgment was rendered in their favor. The fact that the plaintiff did not emerge from the first action with a judgment of partition was entirely as a result of his own voluntarily undertaken approach." (Citations omitted; footnote omitted.) This appeal followed.

Although the plaintiff does not challenge the trial court's determination that he litigated or had the opportunity to litigate his claims for partition in the first action, he argues that the judgment rendered in that action was not a final judgment that precludes him from raising his claims for partition again. He also claims that the trial court in the first action improperly deprived him of his absolute right to partition and that the absolute nature of that right prevents the application of res judicata to this action. We disagree.

We first set forth the applicable standard of review and governing legal principles. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing . . . that the party is . . . entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . .

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. . . . Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. . . . More specifically, collateral estoppel, or issue preclusion . . . prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim. . . . An issue is actually liti-

gated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . .

"The applicability of the doctrines of collateral estoppel or res judicata presents a question of law that we review de novo. . . . Because these doctrines are judicially created rules of reason that are enforced on public policy grounds . . . we have observed that whether to apply either doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citations omitted; internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 599–602, 922 A.2d 1073 (2007).

"The right to partition is founded on the principle that no person can be compelled to remain the owner with another of real property, even if the party seeking partition willingly entered into the joint ownership. . . . General Statutes § 52-495 confers an absolute right of partition upon any person holding real property as a tenant in common with others. . . . In those cases where the court finds that a sale of the property would better promote the interests of the owners, the court may order such a sale. General Statutes § 52-500 . . . . This jurisdiction has long favored partition in kind, or physical division, over partition by sale. . . . Because we presume that partition in kind is in the best interests of the owners, the burden of proof rests on the party seeking a sale to demonstrate that it is the better remedy. . . . This burden may be carried by satisfying two conditions: (1) the physical attributes of the property make partition in kind impracticable or inequitable; and (2) the interests of the owners would better be promoted by partition by sale. . . . A plaintiff in an action for partition seeks to sever or dissolve involuntary joint ownership in real property. In furtherance of that objective, a court is limited to rendering a judgment of either partition in kind or by sale of the real property . . . thus terminating the ownership relationship between

the parties." (Citations omitted; footnotes omitted.) *Wilcox* v. *Willard Shopping Center Associates*, 208 Conn. 318, 325–26, 544 A.2d 1207 (1988). With these principles in mind, we address the plaintiff's claims in turn.

## I

The plaintiff first claims that the trial court improperly determined that his claims in this action were barred by the doctrine of res judicata because the first action did not result in a final judgment that could have a preclusive effect on his current claims. Specifically, the plaintiff claims that there was no final judgment in the first action because the judgment in that action did not settle the controversy between him and the defendants in that it did not terminate his joint ownership of the subject property. We are not persuaded.

Practice Book § 61-2 provides in relevant part: "When judgment has been rendered on an entire complaint, counterclaim or cross complaint . . . such judgment shall constitute a final judgment. . . ."

In the plaintiff's first action for partition, the court held that the plaintiff failed to satisfy his burden of proof for a partition by sale and thus found in favor of the defendants. Although the court's judgment did not sever the plaintiff's joint tenancy with the defendants, it fully and finally disposed of the sole claim advanced by the plaintiff in his complaint, denying the sole remedy that he sought therein. That ruling thus constituted a final judgment that was immediately appealable.

In support of his claim that there was no final judgment in the first action, the plaintiff cites the case of *Labow* v. *Labow*, 69 Conn. App. 760, 765, 796 A.2d 592, cert. denied, 261 Conn. 903, 802 A.2d 853 (2002), for the proposition that: "Where the manner of partition has not been determined, there is no final judgment in a partition action." In *Labow*, the court granted the relief of partition, but had not yet determined the appropriate mode of partition. Id., 763. This court held that there was no final judgment on the ground that the rights of the parties had not been concluded because the manner of partition had not yet been determined. Id., 766. This case is distinguishable from *Labow* in that the plaintiff here sought only one mode of partition in the first action—partition by sale—and he failed to meet his burden of proving that he was entitled to that remedy under the circumstances presented. In denying the only relief that the plaintiff sought in the first action, the trial court concluded the entire controversy, as it had been pleaded by the plaintiff. The plaintiff's claim that there was no final judgment in the first action must therefore fail.

## II

The plaintiff also claims that the trial court erred in concluding that his action was barred by res judicata

because his right to partition is absolute. The plaintiff's claim in this regard is based upon two equally meritless arguments. First, the plaintiff contends that the trial court erred in granting summary judgment on the ground that his claims in this action were precluded by the judgment in the first action because the judgment in the first action "resulted from . . . the failure of the [trial] court in the prior action (1) to honor the plaintiff's absolute right to partition, (2) to award a partition sale under the pleadings, and (3) to award a partition sale as consistent with statutes and case law." These arguments constitute an impermissible collateral attack on the judgment in the first action, from which the plaintiff failed to appeal. See *In re Shamika F.*, 256 Conn. 383, 407–408, 773 A.2d 347 (2001) (collateral attack on judgment is procedurally impermissible substitute for appeal). Because the plaintiff failed to appeal from the judgment in the first action, we can afford him no remedy as to the claims of error that he has advanced regarding that judgment.

Second, the plaintiff contends that his right to partition survives the judgment in the first action because that judgment did not sever his joint tenancy of the subject property, the severance of which is his absolute right. His argument is that because his right to partition is absolute, he can ask for it at any time, and many times, in serial actions. Under the plaintiff's theory, he would be entitled to bring serial actions for partition, even absent any intervening change in the nature or characteristics of the subject property, until he obtains the relief that he is seeking. In other words, the plaintiff is claiming that the doctrines of res judicata and collateral estoppel do not apply to partition actions. He has not, however, provided any legal authority to support his position. In the absence of any legal authority to support his claim, we cannot conclude that the important public policies underlying the doctrines of preclusion should not apply to partition actions.

Moreover, although the relief sought in this action is not pleaded exclusively as a partition by sale, the plaintiff stressed in his brief to this court, as well as in his oral argument, that division of the property remains impractical, and thus that he is still seeking only a partition by sale. He has been unwavering in his insistence that a physical division of the property would be impractical and that a partition by sale is the only way to terminate the joint tenancy of the parties. Unfortunately for him, he did not prove that claim in his first partition action, where he had a full and fair opportunity to do so.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In the first action, the plaintiff sought partition of three properties, including 2328 Middlebury Road.

[2] Francis M. McDonald filed a motion for summary judgment, with which the remaining defendants joined.