[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On February 1, 1989 Walter Dahlberg (hereinafter "Dahlberg") sustained injuries as a result of a two vehicle accident. The accident occurred during the course of Dahlberg's employment and while he was driving a vehicle owned by his employer which was insured by the defendant, Hartford Accident Indemnity Company (hereinafter "Hartford"). The plaintiff (hereinafter "Great American") insured Dahlberg under his uninsured/underinsured motorist coverage. The Hartford allegedly denied coverage under the holding of CNA Ins. Co. v. Colman, 222 Conn. 769 (1992), in which the court concluded that "an employee injured in an automobile accident during the course of his or her employment who had received worker's compensation benefits was barred by General Statutes Sec. 31-284 (a) from recovering `against a commercial insurance provider on an uninsured motorist insurance policy procured by [his or her] employer'" See Reliance InsuranceCo. v. American Casualty Ins. Co. of Redding, Pennsylvania,238 Conn. 285, 287-88 (1996). Great American then agreed upon a settlement with Dahlberg believing it was the primary insurer. However, in 1993, in response to the decision in Colman, supra, the legislature enacted Public Act 93-297 which provides in pertinent part: "[n]otwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insureds otherwise applicable uninsured and underinsured motorist coverage." The effective date of this provision was January 1, 1994. This public act was viewed as prospective from January 1, 1994 and, therefore, not applicable to the Dahlberg accident. However, in Reliance Insurance Co., supra, the court determined that based upon the legislative history of P.A. 93-297, such act was intended to be clarifying legislation and, as such, must be accepted as a declaration of the legislature's original intent pertaining to the interplay between the uninsured motorists provisions of General Statutes Section 38(a)-336 and the worker's compensation exclusivity provision of Section 31-284. "Consequently, we conclude that an employee is not barred from recovering uninsured motorist coverage benefits against his or her employer's insurer in regard to a motor vehicle accident that occurred prior to the effective date of P.A. 93-297." Accordingly, based on P.A. 93-297 and Reliance, supra, the Hartford became the primary insurer in this case. Great American, which had already paid the settlement agreed upon with Dahlberg, then commenced this action to recover from the Hartford the amount paid to Dahlberg. The Hartford then brought this motion for summary judgment. CT Page 3477
 STANDARD OF REVIEW
Pursuant to Practice Book § 384, a court will grant a motion for summary judgment "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Haesche v. Kissner, 229 Conn. 213
(1994), quoting, Scrapchansky v. Plainfield, 226 Conn. 446, 450
(1993). "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, supra,229 Conn. 217. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. . . ." Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 781 (1991).
 ISSUES
1. The Hartford claims that under Count I for unjust enrichment the plaintiff entered into a voluntary settlement and now wants to get out of it because of its erroneous interpretation of the law. The court believes under the circumstances that Great American had no choice but to pay the settlement and, therefore, it was not a voluntary settlement. However, at the very least, whether this was or was not a voluntary settlement is a genuine issue of material fact and, therefore, summary judgment is not warranted on that basis.
2. The Hartford claims summary judgment on Count II on the basis of the statute of limitations having run on the claim for equitable subrogation. It claims that the right of action accrued on May 16, 1990 when Dahlberg exhausted the tortfeasor's policy and, therefore, suit should have been instituted within six years or by May 16, 1996, but in fact suit was not instituted until 1998.
The Hartford also claims that Dahlberg did not have an assignable cause of action against the Hartford, and, therefore, Great American could not have a claim for equitable subrogation against the Hartford. This would depend on what date the Hartford disclaimed its obligation to pay benefits. The court believes that that was in 1992, but at the very least, that date is an issue of fact. Assuming, however, that the disclaimer was in 1992. Dahlberg had an existing assignable cause of action against the Hartford at that time on the basis of the Reliance decision, CT Page 3478 supra, which made P.A. 93-297 retroactive.
The doctrine of equitable subrogation "`is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter'". Westchester Fire Ins. Co. v. AllstateIns. Co., 236 Conn. 362, 370 (1996). Clearly, there is a valid claim for equitable subrogation, and it is clear to the court that there was an assignable interest which supports the claim of equitable subrogation or at the very least the determination of whether there is an assignable interest is based upon an issue of fact, and, therefore, does not warrant summary judgment.
As to the issue of the statute of limitations, the Connecticut Supreme Court has stated in pertinent part:
 "In fact, in an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired. . . . Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obliged to adhere to those time limitations." Dunham v. Dunham, 204 Conn. 303, 326-7 (1987).
Therefore, this court concludes that the doctrine of equitable subrogation is not subject to a statute of limitations.
Assuming, arguendo, that the statute of limitations of six years does apply, the commencement of the running of that statute is critical. "The true test is to establish the time when the plaintiff first could have successfully maintained an action",Prudential Property Casualty Ins. Co. v. Perez-Henderson,49 Conn. App. 653, 659 (1998). This court finds that the earliest the plaintiff could have successfully maintained this action is January 1, 1994, the effective date of P.A. 93-297 and even, possibly, the date of the Reliance decision which was July 30, 1996 which decision made the public act retroactive. In either case suit was brought well within the statute of limitations.
Accordingly, the court finds that there are genuine issues of fact which warrants the denial of summary judgment. Further, the court finds that assuming the facts are as indicated by the court, the defendant is not entitled to summary judgment as a CT Page 3479 matter of law.
Accordingly, the motion for summary judgment is denied.
Rittenband, J.