DEAN B. HOLLIDAY *v.* STATE OF CONNECTICUT
(AC 28741)

DiPentima, Gruendel and Mihalakos, Js.

Argued April 23—officially released December 23, 2008

*Dean B. Holliday*, pro se, the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

MIHALAKOS, J. The pro se petitioner, Dean B. Holliday, appeals, following the denial of his petition for certification to appeal, from the judgment of the trial court denying his petition for a new trial, which was rendered upon the granting of the motion for summary judgment filed by the respondent, the state of Connecticut. On appeal, the petitioner claims that the court abused its discretion in denying the petition for certification to appeal and improperly determined that his petition for a new trial was time barred because it was

filed outside the three year statute of limitations.[1] Specifically, he claims that the court improperly found that he had failed to present evidence that the statute of limitations should be tolled because the state department of veterans' affairs had fraudulently concealed evidence. We dismiss the appeal.

Following the court's granting of the respondent's motion for summary judgment, the petitioner filed a petition for certification to appeal, pursuant to General Statutes § 54-95 (a), which certification was denied by the court.

The petitioner first claims that the court improperly denied certification to appeal from the denial of his petition for a new trial. "It is well established that we apply the abuse of discretion standard when reviewing a court's decision to deny a request for certification to appeal from a denial of a petition for a new trial." *Daniels* v. *State*, 88 Conn. App. 572, 576, 870 A.2d 1109 (2005), cert. denied, 274 Conn. 902, 876 A.2d 11 (2005). Therefore, the threshold issue that we must now decide is whether the court abused its discretion in denying the petition for certification to appeal. *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), establishes the framework for satisfying the criteria necessary to show an abuse of discretion. "A petitioner satisfies that burden by demonstrating: [1] that the issues are debatable among jurists of reason; [2] that a court could resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Seebeck* v. *State*, 246 Conn. 514, 534, 717 A.2d 1161 (1998).

---

[1] The petitioner also claims that there are disputed issues of material fact related to the merits of his petition. Like the trial court, however, we need not address these claims because we find that his petition was time barred by the applicable statute of limitations.

In our review of whether the court abused its discretion in denying certification to appeal, we examine the petitioner's underlying claim that the court improperly rendered summary judgment because genuine issues of material fact existed. We conclude, after an exhaustive review of the record, that the court properly rendered summary judgment because there was no genuine issue of material fact. The record clearly supports the court's finding, and, therefore, the petitioner has failed to demonstrate that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised merit encouragement to proceed further. Accordingly, there was no abuse of discretion by the court in denying the petition for certification to appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In April, 2001, the petitioner entered the Veterans Administration Federal Credit Union in Newington wearing a dust mask over his face, latex gloves, heavy clothes and a backpack. Concerned employees alerted Diane Jarvis, the chief executive officer of the credit union, of the petitioner's appearance. She approached the petitioner, and they had a brief conversation concerning the ability of a nonmember to cash a check at the credit union. The petitioner then exited the credit union.

The next day, on the basis of the incident with the petitioner the previous day, Jarvis informed her employees to be prepared for trouble. By chance, an employee of the credit union, Stacey Rechenberg, was walking to the front door of the credit union when she saw the petitioner and another man exit a car parked in a no parking zone wearing dust masks and latex gloves. Rechenberg then saw the petitioner reach into the backseat of the car and remove a black bag. Cognizant of the earlier warning, she closed and locked the door.

Another employee contacted Jarvis, who in turn activated an alarm and telephoned the police.

The petitioner and his accomplice fled the scene in an automobile, which they subsequently abandoned, and then fled on foot. A police canine tracked the pair to a dumpster approximately two miles from the car. The petitioner was arrested and thereafter was convicted, after a jury trial, of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2), and attempt to commit robbery in the second degree in violation of General Statutes §§ 53a-49 and 53a-135 (a) (2). On June 18, 2002, he was sentenced to forty years incarceration. This court subsequently affirmed the decision of the trial court. *State* v. *Holliday*, 85 Conn. App. 242, 856 A.2d 1041, cert. denied, 271 Conn. 945, 861 A.2d 1178 (2004).

On November 23, 2004, the petitioner, while incarcerated, filed a Freedom of Information Act request with the United States Department of Veterans Affairs in West Haven, seeking, among other things, any reports generated by the federal agency's police department concerning the attempted robbery of the "Newington V.A. Credit Union."[2] Nelly McCrory, the Freedom of Information Act officer who responded to the petitioner's request, advised the petitioner by letter dated December 6, 2004, that there were no responsive records pertaining to his request. The petitioner thereafter appealed from that determination to the general

[2] The petitioner's request sought: "Any reports or statements concerning viewing of surveillance tapes by Diane Jarvis, Danielle Gallagher, and Stacey Rechenberg for N.P.D. case # 01-04-1655. Any and all reports concerning attempted robbery of Newington V.A. Credit Union before 4-4-01 and after 4-4-01. Any reports of viewing surveillance tapes from N.P.D. case # 01-04-1655 on 3-22-02 submitted to [assistant] [s]tate's [a]ttorney [Paul N.] Rotiroti."

counsel for the United States Department of Veterans Affairs, located in Washington, D.C.

By letter dated November 15, 2005, the general counsel for the United States Department of Veterans Affairs notified the petitioner that his appeal was granted in part and denied in part. Enclosed with the letter were two redacted United States Department of Veterans Affairs police reports. On March 27, 2006, the petitioner filed a petition for a new trial on the basis of this newly discovered evidence pursuant to General Statutes § 52-270 and Practice Book § 42-55. He claimed that the police reports showed that the Newington police department and the Veterans Administration Federal Credit Union in Newington were alerted to a potential robbery of the credit union, unrelated to the attempted robbery of which he was convicted, and that in response they had set up a sting operation. The petitioner asserted that because of the sting operation, the credit union employees were on heightened alert concerning a possible robbery and, therefore, overreacted to his parking in a no parking zone, exiting his car wearing a dusk mask and latex gloves and removing a black bag from the back of his vehicle. He claimed that the jury would have understood the employees' alarm at his presence and peculiar dress if they had seen the police reports. The petitioner also claimed that because this newly discovered evidence arose after the conclusion of his trial, he was entitled to a new trial.

The respondent thereafter filed a motion for summary judgment, claiming that the petition for a new trial was filed by the petitioner after the applicable three year statute of limitations. At oral argument on the motion for summary judgment, the petitioner claimed that the delay in filing his petition for a new trial was caused by the respondent's misrepresentation and concealment of the two United States Department of Veteran Affairs police reports. Specifically, he claimed that the state

had failed to provide him with copies of the police reports and had denied that the reports existed in response to his initial Freedom of Information Act request. He claimed that the respondent's conduct amounted to fraudulent concealment and tolled the statute of limitations.

The court, in its memorandum of decision, found that the period for filing a petition for a new trial ended June 18, 2005, which was three years from the petitioner's June 18, 2002 sentencing. The petitioner's March 27, 2006 petition, therefore, was outside the limitations period. Moreover, the petitioner failed to present any evidence that the respondent, rather than the United States Department of Veterans Affairs, had engaged in any conduct that would warrant the tolling of the statute of limitations. On this basis, the court concluded that the petition for a new trial was barred by the applicable statute of limitations. Accordingly, the court granted the respondent's motion for summary judgment.

We now set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Allen* v. *Cox*, 285 Conn. 603, 609, 942 A.2d 296 (2008).

The opportunity for a new trial when new evidence comes to light provides a criminal defendant an important procedural mechanism for remedying an

injustice. *Seebeck* v. *State*, supra, 246 Conn. 531. A critical limitation on the exercise of the trial court's discretion in passing on such a petition for a new trial, however, is the statute of limitations. See General Statutes § 52-582.[3] "The three year statute of limitations on a petition for a new trial based on newly discovered evidence is the product of the legislature's balancing of the interests of the petitioner against the interests of the public and the state. . . . Thus, for a petition for a new trial, within the three year limitations period, the petitioner's interests trump those of the public and the state. Beyond that period, however, the interests of the public and the state trump those of the petitioner." (Citations omitted.) *Summerville* v. *Warden*, 229 Conn. 397, 426–27, 641 A.2d 1356 (1994). The three year period begins to run from the date of rendition of judgment by the trial court; *Varley* v. *Varley*, 181 Conn. 58, 61, 434 A.2d 312 (1980); which, in a criminal case, is the date of imposition of the sentence by the trial court. *State* v. *Coleman*, 202 Conn. 86, 89, 519 A.2d 1201 (1987).

It is undisputed in this case that the petition for a new trial was filed more than three years after the imposition of his sentence by the trial court.[4] The petitioner argues, nevertheless, that his petition was timely because the statute of limitations was tolled by the respondent's fraudulent concealment of evidence. We conclude, however, that the petitioner failed to present evidence that the respondent, rather than the United

---

[3] General Statutes § 52-582, titled "Petition for new trial," provides in relevant part: "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of . . . ."

[4] The petitioner did file two timely petitions for a new trial, both of which were based on alternate grounds not raised in his current petition. Because the prior, timely petitions did not allege the same grounds as the present petition, they are irrelevant in determining whether the statute of limitations bars the present petition.

States Department of Veterans Affairs, fraudulently had concealed evidence.[5]

The only argument advanced by the petitioner on the issue of fraudulent concealment was that the state department of veterans' affairs[6] delayed in providing him with copies of certain police reports.[7] He argued that these reports were in the possession of the state department of veterans' affairs and, therefore, necessarily were in the possession of the respondent.[8] To support this argument, he submitted to the court documents that he claims are communications between himself and the state department of veterans' affairs. Specifically, he submitted (1) his November 23, 2004 Freedom of Information Act request, (2) the December 6, 2004 reply letter from McCrory, (3) the September

---

[5] To prove fraudulent concealment, the petitioner would have been required to show that the respondent (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the cause of action, (2) intentionally concealed these facts from the petitioner and (3) concealed the facts for the purpose of obtaining delay on the petitioner's part in filing a complaint on their cause of action. *Falls Church Group* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105, 912 A.2d 1019 (2007). Moreover, the petitioner would have been required to prove that the respondent had concealed the cause of action by the more exacting standard of clear, precise and unequivocal evidence. *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 533, 656 A.2d 221 (1995).

[6] The state department of veterans' affairs is established pursuant to General Statutes § 27-102*l*.

[7] The petitioner advances an alternative argument, which we summarily reject. He claims that "the prosecuting attorney, Paul N. Rotiroti, knew of the cause of action and failed to bring this information to the appellant's attention before his criminal trial, during or after." Our review of the record, however, reveals that the petitioner failed to present any evidence that Rotiroti knew of the existence of the United States Department of Veterans Affairs police reports or failed to inform the petitioner of their existence. The petitioner's bare assertion that Rotiroti knew of the reports does not create a genuine issue of material fact. See *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995).

[8] The petitioner appears to advance an agency theory of liability. We note, however, that the petitioner has cited no case law supporting his argument that the state, in its role in prosecuting criminal cases, is responsible for ensuring the timely production of documents from other state agencies.

13, 2005 reply letter from the office of the general counsel for the United States Department of Veterans Affairs stating that it was in the process of obtaining records related to his appeal, (4) the November 15, 2005 letter from the office of the general counsel for the United States Department of Veterans Affairs granting in part and denying in part his appeal and (5) copies of the redacted police reports that he had received from the United States Department of Veterans Affairs. Contrary to the petitioner's claims, however, the documents he submitted do not create a genuine issue of material fact because they are not evidence of fraudulent concealment by the respondent.

The petitioner's erroneous assumption in this case is that the documentary evidence he submitted in support of his fraudulent concealment claim originated from the state department of veterans' affairs. As the court found, however, the evidence he submitted clearly originated from the *United States* Department of Veterans Affairs, not the *Connecticut* department of veterans' affairs. His initial Freedom of Information Act request was directed to the veterans affairs police service for the United States Department of Veterans Affairs. The subsequent response letter from McCrory contained the United States Department of Veterans Affairs seal at the top of the letterhead and directed the petitioner to file any appeal with the general counsel for the United States Department of Veterans Affairs in Washington, D.C. The communications from the office of the general counsel contain the same United States Department of Veterans Affairs seal at the top of the letterhead and have a return address in Washington, D.C. Although it is true that the state and federal departments in this case have similar names, thereby making the source of the petitioner's confusion understandable, the petitioner has presented no evidence that the respondent,

rather than a federal agency, fraudulently had concealed evidence. Accordingly, there is no genuine issue of material fact, and the court properly granted the respondent's motion for summary judgment. We therefore conclude that the issue presented by the petitioner is not debatable among jurists of reason, that a court could not properly resolve the issue in a different manner and that it is not adequate to deserve encouragement to proceed further. As a result, the court did not abuse its discretion by denying certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.