******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GOVERNMENT EMPLOYEES INSURANCE COMPANY
*v.* ARLY BARROS ET AL.
(AC 40643)

DiPentima, C. J., and Bright and Moll, Js.

*Syllabus*

The plaintiff insurance company sought, by way of an equitable subrogation
action, to recover uninsured motorist benefits it had paid to its insured
for personal injuries sustained by her in a motor vehicle collision alleg-
edly caused by the negligence of the named defendant. In their answer,
the defendants raised the special defense that the plaintiff's claim was
barred by two statutes of limitations allegedly applicable to the underly-
ing claims of negligent operation of a motor vehicle. The trial court
rendered judgment in favor of the plaintiff, from which the defendants
appealed to this court. *Held* that the defendants' claim that the plaintiff's
equitable subrogation action was subject to the same limitations period
as the underlying tort claims was unavailing; the plaintiff's equitable
subrogation claim, as pleaded, sounded in equity only and, therefore,
the claim was not subject to any statute of limitations and the proper
inquiry was whether the plaintiff's claim was precluded under the doc-
trine of laches, and this court declined to address whether the plaintiff's
equitable subrogation claim was precluded under the doctrine of laches,
as the defendants failed to raise that issue before the trial court, and
the issue involved questions of fact, which an appellate court could
not resolve.

Argued May 21—officially released August 28, 2018

*Procedural History*

Action to recover uninsured motorist benefits paid
by the plaintiff to one of its insureds for injuries sus-
tained as a result of the named defendant's alleged
negligence, brought to the Superior Court in the judicial
district of Danbury and tried to the court, *Truglia, J.*;
judgment for the plaintiff, from which the defendants
appealed to this court. *Affirmed*.

*Peter N. Buzaid*, for the appellants (defendants).

*Joseph M. Busher, Jr.*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendants, Arly Barros and Anthony's Services, LLC, appeal from the judgment of the trial court in favor of the plaintiff, Government Employees Insurance Company, on its claim for equitable subrogation.[1] On appeal, the defendants claim that the court erred by concluding that the statute of limitations set forth in General Statutes § 52-577 or General Statutes § 52-584 does not apply to bar the plaintiff's claim for equitable subrogation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendants' claim. On September 30, 2012, on Federal Road in Danbury, a vehicle operated by the plaintiff's insured and subrogor, Dawn Williams, was stopped at a traffic light when it was struck by an uninsured vehicle operated by Barros and owned by Anthony's Services, LLC.[2] As a result of the collision, Williams sustained serious physical injuries for which she received extensive medical treatment, including several surgical procedures. The total cost of her medical care was approximately $189,000. On or about November 12, 2015, the plaintiff resolved Williams' claim in the amount of $100,000, the limit of her bodily injury coverage under the uninsured motorist provisions of her policy.

On February 8, 2016, the plaintiff commenced the present action for equitable subrogation. In their answer, the defendants raised the special defense that the claim was barred by two statutes of limitations applicable to the underlying claims of negligent operation of a motor vehicle: §§ 52-577[3] and 52-584.[4]

On June 14, 2017, the matter was tried to the court, *Truglia, J.* The defendants presented no evidence; in their summation, they iterated their special defense. Specifically, the defendants indicated that the accident occurred on September 30, 2012, but the plaintiff did not effect service of process until February 8, 2016. Accordingly, the defendants contended, the action was not commenced within three years of the "act or omission complained of" and was time barred pursuant either to § 52-577 or § 52-584. The defendants further argued that the plaintiff, as subrogee to Williams, succeeded to no greater rights than those of its insured, and therefore could not bring what essentially is a tort claim on her behalf.

The court rendered judgment in favor of the plaintiff in the amount of $100,000, concluding, inter alia, that "[t]he law is well settled in this state that statutes of limitations do not strictly apply to equitable claims. . . . Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obliged

to adhere to those limitations. . . . The accident that gave rise to the plaintiff's claims occurred on September 30, 2012; Williams received extensive and continuing medical treatment well into 2015; the plaintiff paid her uninsured motorist claim in November of 2015 and brought suit against the defendants in February of 2016. As a matter of law, the court disagrees with the defendants' argument that the plaintiff's claim is barred by [§ 52-577 or § 52-584]." (Citations omitted; internal quotation marks omitted.) This appeal followed.

We begin our analysis with the relevant legal principles. The determination of which, if any, statute of limitations applies to a given action is a question of law over which our review is plenary. See *Vaccaro* v. *Shell Beach Condominium, Inc.*, 169 Conn. App. 21, 29, 148 A.3d 1123 (2016), cert. denied, 324 Conn. 917, 154 A.3d 1008 (2017).

The doctrine of equitable subrogation is a creature of common law. *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, 323 Conn. 254, 262, 146 A.3d 975 (2016). Its purpose is well established: "[T]he object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it." (Internal quotation marks omitted.) *Westchester Fire Ins. Co.* v. *Allstate Ins. Co.*, 236 Conn. 362, 371, 672 A.2d 939 (1996), superseded in part by statute as stated in *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, supra, 268.[5] "[T]he doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Internal quotation marks omitted.) *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, supra, 262. Consequently, equitable subrogation prevents a tortfeasor from being "unjustly enriched by virtue of having its debt paid by the insurance company of a party who had the foresight to obtain insurance coverage, and thus to escape all liability for its wrongdoing, simply because the insurance company was not permitted to participate in a suit against the tortfeasor in order to recover the money that it had paid to its insured but which was properly payable by the tortfeasor." *Westchester Fire Ins. Co.* v. *Allstate Ins. Co.*, supra, 372–73.

Statutes of limitations do not apply in a strict fashion to causes of action arising in equity: "[I]n an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute."[6] *Dunham* v. *Dunham*, 204 Conn. 303, 326, 528 A.2d 1123 (1987), overruled in part on other grounds by *Santopietro* v. *New Haven*,

239 Conn. 207, 213 n.8, 682 A.2d 106 (1996). This is true except where an applicable statute of limitations in clear derogation of the common law creates a jurisdictional limitation. See *Turner* v. *State*, 172 Conn. App. 352, 368, 160 A.3d 398 (2017) ("[T]he court in *Dunham* was not considering whether to follow a statute of limitations that was directly applicable to the equitable proceeding before it, but whether it should import and adhere to an analogous statute of limitations applicable to a related action at law. . . . [*Dunham*] merely recognizes the discretion of the trial court in equitable proceedings not directly governed by a limitations period to import and apply an analogous statute of limitations."). Instead, where no such derogation exists, a party asserting a claim sounding in equity may "be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, inexcusable and prejudicial delay in bringing suit." *Dunham* v. *Dunham*, supra, 327.

In the present case, the defendants contend that the statutes of limitations for the underlying tort claims should control because the plaintiff "stands in the shoes" of its subrogor and, therefore, the plaintiff succeeded to no greater rights than those of its insured. Accordingly, the defendants surmised that the plaintiff's claim for equitable subrogation is subject to the same limitations period as the underlying tort claims. We disagree.

As pleaded, the plaintiff's claim sounds only in equity, not in law or in both law and equity.[7] Consequently, the plaintiff's claim is not subject to any statute of limitations, let alone the same statutes of limitations applicable to the underlying claims.[8] *Dunham* v. *Dunham*, supra, 204 Conn. 326–27. The proper inquiry is whether the plaintiff's claim is precluded under the doctrine of laches. Id.

Here, however, the court noted that "the defendants did not assert a special defense of laches. But even if they had, the court sees no unreasonable delay by the plaintiff in bringing its claim and, in any event, the defendants presented no evidence as to how the plaintiff's delay caused them harm or in some way prevented them from defending themselves against the plaintiff's claim." Because the defendants did not raise a claim of laches, and because "[a] conclusion that a plaintiff has [not] been guilty of laches is one of fact for the trier and not one that can be made by [an appellate court], unless the subordinate facts found make such a conclusion inevitable as a matter of law"; (internal quotation marks omitted) *Dunham* v. *Dunham*, supra, 204 Conn. 327; we decline to address laches.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff is the subrogee of Dawn Williams, who testified at trial but is not participating in this appeal.

[2] The defendants do not dispute that the vehicle Barros operated was uninsured at the time of the accident.

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[5] See General Statutes § 38a-336b ("[n]o insurer providing underinsured motorist coverage as required under this title shall have any right of subrogation against the owner or operator of the underinsured motor vehicle for underinsured motorist benefits paid or payable by the insurer"). The legislature enacted this statute following our Supreme Court's decision in *Westchester Fire Ins. Co.* v. *Allstate Ins. Co.*, supra, 236 Conn. 363–64 (plaintiff insurance company was entitled to maintain action for equitable subrogation to recover underinsured motorist benefits).

In *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, supra, 323 Conn. 256, 268, our Supreme Court concluded that § 38a-336b does not prohibit a workers' compensation insurer from maintaining a common-law equitable subrogation action against a third-party tortfeasor who is liable for injuries sustained by an employee. In doing so, however, our Supreme Court stated in dicta that "[w]e read the relevant part of the [statute] as merely abrogating the common-law subrogation rights of uninsured motorist insurance carriers." Id., 268. Because neither party has briefed or argued the question of whether § 38a-336b precludes an insurer from seeking indemnification against both *underinsured* and *uninsured* motorists, we do not address that question.

[6] As the court noted, decisions from the Superior Court have concluded that claims for equitable subrogation against an uninsured motorist are not necessarily barred by the statutes of limitations governing claims sounding in negligence or other torts. See *Government Employees Ins. Co.* v. *Duhamel*, Superior Court, judicial district of New Haven, Docket No. CV-17-6071406-S (August 28, 2017) (denying motion for summary judgment because statute of limitations is not applicable to actions in equity, and laches was not asserted); *Government Employees Ins. Co.* v. *Delarosa*, Superior Court, judicial district of Hartford, Docket No. CV-15-6055985-S (December 7, 2016) (63 Conn. L. Rptr. 514, 516) (acknowledging that in equitable actions courts may provide remedy despite running of statute of limitations, but finding that plaintiff failed to meet burden of proving that balance of equities was in its favor); *Great American Ins. Cos.* v. *Hartford Accident & Indemnity Co.*, Superior Court, judicial district of Hartford, Docket No. CV-98-0581252-S (March 12, 1999) (24 Conn. L. Rptr. 273, 275) (equitable subrogation is not subject to statute of limitations); but see *Castanada* v. *State Farm Mutual Automobile Ins. Co.*, Superior Court, judicial district of New Britain, Docket No. CV-11-6010957-S (August 6, 2013) (statute of limitations applied to bar claim for equitable subrogation where no equitable reason existed for tolling).

[7] This court has recognized that a statute of limitations might apply to an equitable claim. When a plaintiff raises both a legal and equitable claim under the same set of facts, the running of the statute of limitations can bar both claims. *Vaccaro* v. *Shell Beach Condominium, Inc.*, supra, 169 Conn. App. 31–33.

[8] In its brief, the plaintiff argued that even if a statute of limitations applies, the applicable statute of limitations is that governing indemnification claims, General Statutes § 52-598a. Because we conclude that no particular statute of limitations strictly applies, we do not reach this argument.